**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-00341-DDD-KAS

JAMES KARAS, Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

NEWMONT CORPORATION, THOMAS R. PALMER, NATASCHA VILJOEN, KARYN F. OVELMEN, and PETER TOTH,

Defendants.

---

**MOTION TO STRIKE OR TO CONVERT DEFENDANTS'
MOTION TO DISMISS TO A MOTION FOR SUMMARY
JUDGMENT AND FOR FULL DISCOVERY**

---

**TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................. 1

II.     ARGUMENT........................................................................................................ 1

        A.    The Court Should Strike the Appendix for Improperly Dissociating the
              Complaint's Allegations from the Court's Evaluation of its Sufficiency ............... 2

        B.    The Court Should Strike All Exhibits Unnecessary for
              Evaluating the Complaint's Sufficiency ................................................................ 3

III.    CONCLUSION..................................................................................................... 7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Hartleib v. Weiser L. Firm, P.C.*,
   861 F. App'x 714 (10th Cir. 2021)........................................................................................ 4

*In re Level 3 Communications, Inc. Sec. Litig.*,
   667 F.3d 1331 (10th Cir. 2012)........................................................................................... 2

*In re Overstock Sec. Litig.*,
   119 F.4th 787 (10th Cir. 2024) ....................................................................................... 1, 4

*Indiana Pub. Ret. Sys. v. Pluralsight, Inc.*,
   45 F.4th 1236 (10th Cir. 2022)........................................................................................ 1, 2

*Khoja v. Orexigen Therapeutics, Inc.*,
   899 F.3d 988 (9th Cir. 2018)........................................................................................... 4, 5

*Tal v. Hogan*,
   453 F.3d 1244 (10th Cir. 2006) .......................................................................................... 4

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
   551 U.S. 308 (2007)........................................................................................................... 1

*United States ex rel. Polukoff v. St. Mark's Hosp.*,
   895 F.3d 730 (10th Cir. 2018)............................................................................................ 1

**Statutes**

15 U.S.C. §78u-4 ..................................................................................................................... 1

15 U.S.C. §78u-4(b)(3)(b) ...................................................................................................... 7

**Rules**

Fed. R. Civ. P. 8(a) .................................................................................................................. 2

Fed. R. Civ. P. 9(b)................................................................................................................... 1

Fed. R. Civ. P. 12(d)......................................................................................................... 3, 4, 7

**Regulations**

17 C.F.R. §229.105 .................................................................................................................. 5

**Other Authorities**

D.C.COLO.LCivR 56.1 ........................................................................................................ 3

Co- Lead Plaintiffs Shahid Latif Mian ("Mian") and Catherine Almrud Holdings, Inc. ("Almrud Holdings") and named Plaintiff James Karas ("Karas" and together with Almrud Holdings and Mian, "Plaintiffs"), respectfully move this Court to strike both Defendants' Motion to Dismiss ("Motion") and the Appendix and the Exhibits Defendants filed therewith. Dkt. 45, *et seq.*

## I.  INTRODUCTION

Defendants' Motion improperly includes an Appendix, expanding their word limitation without Court approval and surreptitiously dissociating the Court's evaluation of the Amended Complaint's ("Complaint"), Dkt. 39, adequacy from the Complaint itself. Next, Defendants lard up the record, submitting voluminous documents unnecessary for the Court's resolution of their Motion. For the following reasons, therefore, the Court should strike the Motion, requiring Defendants to refile, referring to the Complaint's paragraphs and excluding the Appendix and documents unnecessary for the Court's resolution of the Motion.

## II.  ARGUMENT

It is axiomatic that in evaluating motions to dismiss under Rule 12(b), courts consider complaints' allegations to determine whether it is plausible that a complaint pleads a cause of action. Generally, courts accept as true all well-pleaded allegations, drawing all reasonable inferences in a plaintiff's favor and viewing the complaints holistically. *In re Overstock Sec. Litig.*, 119 F.4th 787, 794 n. 3 (10th Cir. 2024) (citing *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007)). Under Fed. R. Civ. P. 9(b), complaints must plead allegations of fraud with particularity. *United States ex rel. Polukoff v. St. Mark's Hosp.*, 895 F.3d 730, 745 (10th Cir. 2018) (quoting Fed. R. Civ. P. 9(b)). The Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4, *et seq.*, imposes additional pleading requirements. *Indiana Pub. Ret. Sys. v. Pluralsight, Inc.*, 45 F.4th 1236, 1247–48 (10th Cir. 2022) (citation omitted). Even at

1

its strictest, however, the PSLRA requires courts to take as true well-pleaded allegations and to view the complaint holistically. Courts evaluate the sufficiency of complaints by reference to their well-pleaded allegations as a whole and the various inferences they can draw therefrom. *Id.*

### A.    The Court Should Strike the Appendix for Improperly Dissociating the Complaint's Allegations from the Court's Evaluation of its Sufficiency

Defying the strict parameters for evaluating Rule 12 motions, purportedly "for the Court's convenience," Dkt. 45 at 3, Defendants submit an "Appendix" to the Motion, listing alleged misstatements. Dkt. 45-1. The Appendix purports to include various material, misleading statements, designating each with a number, *e.g.* 1(a), 1(b), etc. *Id*. While in a third column, the Appendix refences "Source," including Complaint paragraph references, it also directs the Court to Defendants' superfluous Exhibits, exhibits this Court will reject for the reasons stated below. Nothing in the Court's Individual Practices permits the inclusion of the Appendix, and Defendants cite no rule or precedent permitting its inclusion.[1]

Nowhere in their Motion do Defendants assert that the Complaint fails as a "puzzle pleading."[2] Indeed, their constructing the Appendix confirms the Complaint's adequate organization and understandability. Rather, Defendants include the Appendix in a tacit attempt to distract the Court from evaluating the Complaint as a whole. Rather than referring the Court to the Complaint's well-pleaded paragraphs, the Appendix creates a key to which the Motion refers instead of the Complaint's paragraphs. Dkt. 45 at 3. When the Motion refers to a statement,

---

[1] The Court should include Defendants' Appendix in their word count. Excluding the Appendix from the word count countenances parties' using appendices to insert argument or other information that they should otherwise include their motion. The Court should not countenance flouting of its Individual Practices in this manner.

[2] "Puzzle-pleading" exists in violation of Fed. R. Civ. P. 8(a) when a complaint "excerpts long passages including numerous statements and, to a large degree, leaves the Court to the task of teasing out which specific statements are at issue." *In re Level 3 Communications, Inc. Sec. Litig.*, 667 F.3d 1331, 1339 n. 8 (10th Cir. 2012). The Tenth Circuit disapproves of puzzle pleading.

2

Defendants ignore the Complaint's paragraph numbers, citing instead, "1(a)". *See e.g.* Dkt. 45 at 5. This forces the Court to refer back to their Appendix, divorcing the allegedly misleading statements from both the well-pleaded reasons for their falsity and surrounding scienter allegations.

That is, surreptitiously, Defendants' Appendix invites the Court to isolate false statements from the rest of the Complaint rather than to read the Complaint holistically, as it must. This is improper. Defendants offer no explanation for how their forcing the Court's attention to the Appendix only to have it refer back to the Complaint, as it must, is a "convenience." Adding unnecessary steps to a process is better termed an ***inconvenience***. In any event, Defendants offer not law or logic, supporting their inclusion of the Appendix. To remain true to its mandate for evaluating the Complaint holistically, therefore, the Court should strike the Appendix, in its entirety. In addition, it should strike Defendants' Motion, requiring them to refile the same brief, referring to the Complaint's paragraphs instead of the Appendix. Critically too, whether it accepts or rejects Defendants' Appendix, the Court should avoid the trap of evaluating the Appendix instead of the Complaint, holistically.

**B.    The Court Should Strike All Exhibits Unnecessary for Evaluating the Complaint's Sufficiency**

Next, to distract this Court, Defendants submit fourteen Exhibits, Dkt. 45-2-45-15, larding up the record in direct violation of mandates of both Fed. R. Civ. P. 12(d) and the Tenth Circuit.[3] In essence, Defendants' tactic improperly suggests that the quantity of information they submit

---

[3] Even for motions for summary judgment, Defendants inclusions defy this Court's proscriptions. For summary judgment motions, the Local Rules counsel that "[v]oluminous exhibits are discouraged," continuing, "[p]arties shall limit exhibits to essential portions of documents. D.C.COLO.LCivR 56.1. No reason exists to permit on a motion to dismiss Defendants' wholesale inclusion.

3

somehow overwhelms the quality of the Complaint's allegations and this Court's evaluation of its sufficiency. But the quantity of information must not substitute for a thorough analysis of the Complaint's allegations' quality.

In *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018), warned of this abusive tactic. Acknowledging that documents a complaint incorporates by reference or of which a court may take judicial notice "have roles to play at the pleading stage," the Ninth Circuit criticized the overuse as leading to "harmful results." *Id.* at 998. Describing attempts to undermine complaints, "improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage," the Ninth Circuit cautioned against "the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risk[ing] premature dismissals of plausible claims that may turn out to be valid after discovery." *Id.* Further, "[t]his risk is especially significant in SEC fraud matters, where there is already a heightened pleading standard, and the defendants possess materials to which the plaintiffs do not yet have access." *Id.*

Even as this Court may consider documents incorporated by reference and of which it may take judicial notice, *Overstock*, 119 F.4th at 794 n. 3 (citations omitted), Defendants fail to inform the Court, Dkt. 45 at 2, n.2, that, without converting a 12(b)(6) motion to one for summary judgment, it may not consider any document they submit for the truth of any matter therein. *See Hartleib v. Weiser L. Firm, P.C.*, 861 F. App'x 714, 719 (10th Cir. 2021) (citing *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006)). Indeed, while the Court will consider documents the Complaint incorporates, it should not allow Defendants to create a factual universe that defies the Complaint's well-pleaded allegations or otherwise circumvents the mandate that generally, *see Khoja*, 899 F.3d at 1002–1003, courts should not consider materials extraneous to complaints in evaluating motions to dismiss. Fed. R. Civ. P. 12(d). Even if this Court accepts Defendants'

4

Exhibits—simply because acceptance, in and of itself, is not improper—as a matter of law, it must not consider any extrinsic documents for the truth of any matter contained therein or to enable Defendants to create a universe of facts at odds with the Complaint's well-pleaded allegations.

Rather, the Court should consider documents the Complaint incorporates or documents of which it can take judicial notice to offer related context that the Complaint arguably omits or to demonstrate that they actually disclosed a fact the Complaint alleges Defendants omitted. *Khoja*, 899 F.3d at 998. This Court should, therefore, refuse to consider any document Defendants submitted unless that document is necessary to understand the Complaint's allegations. Yet, in PSLRA cases, defendants and their lawyers impose voluminous records on courts and parties, even when they do not argue that a complaint omits context or that, in fact, they disclosed the very information a complaint accuses them of omitting.

For example, here, Defendants submit Newmont's entire 209-page 2023 10-K, referencing what it calls "robust cautionary language." *See e.g.* Dkt. 45 at 3-4, 8. But it would be error for the Court to accept as true that Defendants 2023 10-K risk disclosures were "robust" or "meaningful" simply because Defendants submitted 35 pages of risk disclosures.  Of course, cautionary language may be "robust," but still untailored to the specific false statement—in essence meaningless. SEC Regulation S-K, Item 105, requires disclosure of "material factors that make an investment in the registrant or offering speculative or risky . . . that adequately describes the risk," 17 C.F.R. §229.105, rendering the inclusion of long risk disclosures in the 2023 10-K unsurprising and irrelevant to evaluating the Motion.

But rather than include from the 2023 10-K a risk disclosure(s) necessary to argue, for example, that they accompanied any purported forward-looking statement with meaningful cautionary language, Defendants include the entirety of the 2023 10-K, citing generally to all 35

5

pages of risk disclosures. Including this chaff and the entirety of the filing itself, Defendants tacitly and improperly assert that the cumulative nature of the mandatory risk disclosures immunizes certain of their materially false statements—as if somehow the quantity of risk disclosures renders any specific risk disclosure meaningful. *See e.g.* Dkt. 45 at 3-4. It does not. While Plaintiffs acknowledge that the Complaint incorporates the 2023 10-K and that the Court may consider it to determine context, including whether Defendants' cautionary language was meaningful, limits exist that should cause the Court to strike Defendants' Motion, requiring them to refile both the Motion and their Exhibits actually to support any point they have argued rather than wholesale designations untethered to any particular argument.

Indeed, Defendants themselves take statements in exhibits out of context. For example, Defendants also submit a news release concerning Newmont's second quarter 2024 results (Dkt. 45-10) to argue they disclosed that Brucejack was not Tier 1. But the cited disclosure says that Brucejack and Red Chris *together* were not yet a Tier 1 "district." *Id.*; DM21-22. Defendants listed Brucejack as Tier 1 in February 2024 and in the BNP Paribas slides. ¶¶104, 136. Defendants also claim investors could not have been misled because Palmer referred to the "potential … to get a really solid understanding of that ore body" at Brucejack (DM11 n.8), but that was months *before* the Class Period. That courts may consider certain documents incorporated by reference affords Defendants no license to submit or to attempt to leverage large swaths of material, they intend only to confuse the issues at hand.

Defendants do not even claim that the Complaint misquotes any document or otherwise fails to contextualize allegations. On the contrary, the Complaint's allegations are complete, accurate, and include requisite context. Thus, even though this Court may certainly review documents the Complaint incorporates and of which it can take judicial notice, that is beside the

6

point. Defendants seek to exploit their ability to submit documents, presenting no rationale for their inclusion. Just because they can does not mean this Court should permit them to burden the process with chaff.

With the exception of perhaps several pages from the 2023 10-K, Defendants assert no proper purpose for which the Court should consider the 14 Exhibits they submit, tacitly proposing that the weight of their filing somehow supports dismissal of the Complaint. Without a proper purpose for summitting their voluminous exhibits this Court should reject the exhibits to avoid the risk that any or all cumulatively impacts its evaluation of the Complaint's sufficiency. More, if the Court considers any of Defendants' Exhibits for the truth of their contents, rather than to provide context or to correct an error in the Complaint, then Rule 12(d) requires the Court to convert the motion to dismiss to a motion for summary judgment and to lift the PSLRA's discovery stay, *see* 15 U.S.C. §78u-4(b)(3)(b), permitting full discovery into Plaintiffs' claims. Fed. R. Civ. P. 12(d).

## III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court Strike Defendants' Motion, in its entirety, requiring them to refile their Motion, referring to the Complaint's paragraph numbers and excluding both the Appendix and extraneous materials unnecessary for this Court's resolution of their Motion.

Dated: November 4, 2025                    Respectfully submitted,

                                           **POMERANTZ LLP**

                                           */s/ Jonathan D. Park*
                                           Jeremy A. Lieberman
                                           Jonathan D. Park
                                           600 3rd Avenue
                                           New York, NY 10016
                                           Tel: (212) 661-1100
                                           Fax: (917) 463-1044

7

Email:       jalieberman@pomlaw.com
jpark@pomlaw.com

**THE ROSEN LAW FIRM, P.A.**

Jacob A. Goldberg
Leah Heifetz-Li (appearance forthcoming)
101 Greenwood Avenue
Suite 440
Jenkintown, PA 19046
Tel: (215) 600-2817
Fax: (212) 202-3827
Email: jgoldberg@rosenlegal.com
       lheifetz@rosenlegal.com

*Co-Lead Counsel for Lead Plaintiffs and the Class*

**LEVI & KORSINSKY, LLP**

Shannon L. Hopkins (appearance forthcoming)
1111 Summer Street, Suite 403
Stamford, CT 06905
Tel: (203) 992-4523
Fax: (212) 363-7171
Email:  shopkins@zlk.com

**BRONSTEIN, GEWIRTZ
    & GROSSMAN, LLC**

Peretz Bronstein (admission forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Tel: (212) 697-6484
Fax: (212) 697-7296
Email: peretz@bgandg.com

*Additional Counsel for Plaintiffs*

8

9

## PRACTICE STANDARD III(A)(1) CERTIFICATE

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

<i><u>/s/ Jonathan D. Park</u></i><br>
Jonathan D. Park