**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 1:25-cv-00341-DDD-KAS

JAMES KARAS, Individually and on Behalf
of All Others Similarly Situated,

              Plaintiff,

      v.

NEWMONT CORPORATION, THOMAS R.
PALMER, NATASCHA VILJOEN, KARYN
F. OVELMEN, and PETER TOTH,

              Defendants.

---

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE OR TO
CONVERT DEFENDANTS' MOTION TO DISMISS TO A MOTION FOR SUMMARY
JUDGMENT AND FOR FULL DISCOVERY**

---

Plaintiffs' baseless motion to strike or to convert Defendants' motion to dismiss to a motion

for summary judgment and for full discovery [ECF 47, filed Nov. 4, 2025] should be denied.

**1.      Defendants Properly Reproduced the Challenged Statements for the Court's
Convenience**

The sole purpose of the appendix to Defendants' motion to dismiss (ECF 45, the "MTD")

is to facilitate the Court's review of the Complaint and motion-to-dismiss briefing in this action.[1]

The appendix simply reproduces each challenged statement verbatim, organized by presentation

or document in which the statement was made, *without argument* or commentary. *See* ECF 45-1.

---

[1] The Complaint, which is Plaintiffs' amended complaint, is ECF 39.

The appendix makes it easy for the Court to see and refer to the statements that Plaintiffs challenge as purportedly false or misleading and thus to which the MTD must repeatedly refer.

Plaintiffs' assertion that this non-argumentative reproduction—a routine practice in cases such as this—"flouts" the Court's rules and should count toward Defendants' word limit is wrong and transparently tactical.[2] Plaintiffs would have mere identification of the challenged statements, which total 1,743 words, eat up nearly a quarter of Defendants' 7,500-word allotment. But reproducing the statements adds no substance to the MTD; it simply provides a convenient way to see what the statements are. And courts have recognized the practical benefits of tables such as this one. Indeed, the Tenth Circuit recently decided a case where the defendants prepared a similar chart of allegedly false or misleading statements from the complaint and attached it as an exhibit to their motion to dismiss. *See Indiana Pub. Ret. Sys.* v. *Pluralsight, Inc.*, 45 F.4th 1236, 1249 n.2 (10th Cir. 2022). The court noted that "the district court adopted Defendants' numbering of the statements for reference," adding that it would "also refer to these statement numbers and include Defendants' chart in an appendix for convenience." *Id.*; *see also Fogel* v. *Wal-Mart de México SAB de CV*, 2017 WL 751155, at *18 (S.D.N.Y. Feb. 27, 2017) (stating that the court "does not find that Defendants' appendices were attached in an attempt to skirt the Court's orders, but rather credits Defendants' argument that their appendices were intended to serve as mere organizational tools"). Though the Court's practice standards do not address the reproduction of such information, the reproduction is analogous to addenda reproducing statutes and rules that the Federal Rules of

---

[2] It also is hypocritical, as Plaintiffs violated D.C.COLO.LCivR 7.1 by filing their motion without conferring with Defendants. Though Local Rule 7.1 excepts from the duty to confer a motion under Fed. R. Civ. P. 12 and Rule 12(f) authorizes certain motions to strike, Rule 12(f) concerns motions to strike "pleadings," which Rule 7(a) defines as complaints, answers, counterclaims, etc. A motion to strike exhibits to a motion to dismiss is not a Rule 12(f) motion, which presumably is why the motion to strike does not mention Rule 12(f).

Appellate Procedure exclude from the length limit on briefs. *See* Fed. R. App. P. 28(f), 32(f). It also is analogous to the reproduction of images of challenged statements the defendants embedded in a motion the Court recently granted dismissing similar securities claims against another mining company. *See Akhras* v. *SSR Mining Inc.*, No. 1:24-cv-00739-DDD-TPO, ECF 59 (ordering 9,000-word limit); *id.* ECF 60 (motion with 8,978 words *plus* images of the challenged statements embedded on pp.14-15); *id*. ECF 64 (dismissing case). There is no practical difference between images of the challenged statements pasted in a motion and verbatim copies of the statements appended to a motion. The appendix should thus be treated as ancillary to, not part of, the MTD.

Plaintiffs' accusation that the appendix is a "tacit attempt to distract the Court from evaluating the Complaint as a whole" is nonsense. ECF 47 at 2. Far from "surreptitiously dissociating the Court's evaluation of the [Complaint's] adequacy from the Complaint itself," *id*. at 1, the appendix identifies where each reproduced statement appears in the Complaint. ECF 45-1. The appendix adds nothing about *how* the Court should consider the Complaint's allegations, however, because, again, it is non-argumentative. Improperly, it is Plaintiffs who use their motion to strike to characterize the Complaint and argue how the Court should view and evaluate it, ECF 47 at 1-3, thereby expanding *their* MTD-merits argument beyond the 7,453 words that already comprise their MTD response. *See* ECF 46. For these reasons, the Court should deny Plaintiffs' request to strike the appendix.

-3-

**2.    Defendants Properly Attached Undisputedly Authentic Documents the Complaint References that Are Central to Plaintiffs' Claims**

Equally baseless is Plaintiffs' motion to strike the MTD's exhibits or, alternatively, convert the MTD to a motion for summary judgment ("MSJ") and thus circumvent the PSLRA's automatic stay of discovery during the pendency of Defendants' MTD.[3] Tenth Circuit law is clear: courts may consider, without converting a motion to dismiss to an MSJ, "'documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'" *Smallen* v. *Western Union Co.*, 950 F.3d 1297, 1305 (10th Cir. 2020) (quoting *Employees' Ret. Sys. of R.I.* v. *Williams Cos.*, 889 F.3d 1153, 1158 (10th Cir. 2018) (quotation omitted)). "In securities cases it is not unusual to consider … 'public documents filed with the SEC [Securities and Exchange Commission], and documents the plaintiffs relied upon in bringing suit.'" *Williams Cos.*, 889 F.3d at 1158 (quoting *Slater* v. *A.G. Edwards & Sons, Inc.*, 719 F.3d 1190, 1196 (10th Cir. 2013)). As set forth in the MTD, each of its exhibits, several of which are SEC filings, is an indisputably authentic document that is referenced in the Complaint and central to Plaintiffs' claims. MTD at 2 n.2. Neither Plaintiffs' motion to strike nor their response to the MTD denies that the exhibits are authentic, referenced in the Complaint, and central to the Complaint's claims. *See* ECF 47 at 1-7; ECF 46 at 1-24.

Relying on a Ninth Circuit case, Plaintiffs label Defendants' submission of the exhibits "abusive." ECF 47 at 3-4 (citing *Khoja* v. *Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018)). But *Khoja* suggests nothing of the sort. The practice it criticizes is using extrinsic documents "to resolve competing theories against the complaint," like adopting a construction of an investor call transcript that is "subject to varying interpretations." 899 F.3d at 998-1000

---

[3] The PSLRA (Private Securities Litigation Reform Act) provides for an automatic stay of discovery during the pendency of a motion to dismiss. 15 U.S.C. § 78u-4(b)(3)(B).

(quotation omitted). The opinion specifically acknowledges the Supreme Court's admonition that "in assessing securities fraud claims, 'courts *must consider*,'" not only "'the complaint in its entirety,'" but "'*other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference.*'" *Id.* at 998 (quoting *Tellabs, Inc.* v. *Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)) (emphasis added). This incorporation-by-reference doctrine—the "doctrine that treats certain documents as though they are part of the complaint"—"prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken – or doom – their claims." *Id*. at 1002. *Khoja* went on to discuss when Ninth Circuit courts should consider documents the complaint references, *id.* at 1002-08, but that discussion is immaterial here because, as shown above, Tenth Circuit law on that subject is well developed.

Plaintiffs also accuse Defendants of "larding" up the record. ECF 47 at 3. But the volume of the MTD's exhibits is a function of the documents on which the Complaint relies. Though Defendants generally filed the full documents out of respect for the principle of completeness, the MTD cites specific pages of each one. According to PACER, the MTD exhibits in this case are less than half the volume of those in *Akhras*. *Compare* ECF 45 to 45-15 *with Akhras*, ECF 60 to 60-21. In granting the *Akhras* motion to dismiss, the Court cited some of the exhibits, demonstrating further the propriety of considering documents outside the complaint when deciding a securities-case motion to dismiss. *Akhras*, ECF 64 at 7. None of this is a reason to strike the exhibits or convert Defendants' MTD to an MSJ.

Plaintiffs' remaining arguments are more examples of their doing what they falsely accuse Defendants of doing: expanding their MTD merits argument far beyond the 7,500-word limit for their MTD response. Arguments about how the Court should consider the exhibits' "quantity of

information" versus what they contend is the "quality of the Complaint's allegations," ECF 47 at 3-4; the matter in the exhibits and the "factual universe" they create, *id*. at 4; the significance to the MTD of the cautionary language in Newmont's 2023 Form 10-K, *id.* at 5; and that Defendants, in the MTD, "take statements in exhibits out of context," *id.* at 6, are not arguments about whether the exhibits meet the Tenth Circuit's standard for considering documents outside the Complaint. They are MTD merits arguments.

Plaintiffs try to shoehorn these arguments into a motion-to-strike format by saying that "[w]ith the exception of perhaps several pages from the 2023 10-K, Defendants assert no proper purpose for which the Court should consider the 14 Exhibits," so the Court "should reject the exhibits to avoid the risk that any or all cumulatively impacts its evaluation of the Complaint's sufficiency." *Id*. at 7. But Plaintiffs cite no case striking exhibits for such a reason. Nor is there risk that the Court's evaluation of the MTD will be unduly influenced by "cumulativ[e] impac[t]." Defendants trust that the Court will decide the MTD based on all the pertinent considerations, including the parties' briefs, the Complaint, the relevant portions of the exhibits, and the law.

In any event, the MTD makes clear the reasons it cites each exhibit. Most of the MTD's exhibit citations are to disclosures Newmont made to the investing public setting forth cautions it provided about the Newcrest acquisition, the Lihir and Brucejack mines, and the challenged projections; risk factors it identified for investors; explanations it made to investors that certain statements were forward-looking; and explanations of adverse incidents that occurred at mines other than Lihir and Brucejack. *See* MTD at 3-8, 14 & n.10, 16, 22 (discussing Exs. 2-11, 13). The relevance of these citations, and the purpose for which Defendants offer the exhibits to which the citations refer, is not the truth of the underlying assertions but the undisputed fact that Newmont made the disclosures to the public. As the MTD explains, that Newmont made these disclosures is

legally significant. *See id.* Other exhibit citations provide a fuller picture surrounding the forecasts and other challenged statements that the Complaint only partially quotes or describes. *See id*. at 2, 5 (discussing Exs. 1-2, 11). Citations to the remaining exhibits similarly provide context for the statements that Plaintiffs referred to from the UBS and BNP Paribas reports cited in their Complaint. *See id*. at 13 (discussing Exs. 12, 14). Because the Complaint asserts, for example, that UBS "expressed its belief" in its September 17, 2024 report (Ex. 14), *see* ECF 39 ¶ 133, Defendants are entitled to show other beliefs UBS expressed in the document beyond the ones the Complaint cherry-picks.

In sum, the Court should reject Plaintiffs' attempt to use their motion to strike (and, we can anticipate, their forthcoming reply brief in support of the motion to strike) to expand their MTD arguments in violation of the Court's length-of-brief order (ECF 43). Because the MTD's exhibits are all referenced in the Complaint, central to its claims, and undisputedly authentic, the motion to strike should be denied.

November 12, 2025.

**SHOEMAKER GHISELLI +
SCHWARTZ, LLC**

/s/ *Paul H. Schwartz*_____
Paul H. Schwartz
1811 Pearl Street
Boulder, CO 80302
Tel: (303) 530-3452
Fax: (303) 530-4071
Email: pschwartz@sgslitigation.com

**WACHTELL, LIPTON, ROSEN &
KATZ**

Jonathan M. Moses
Carrie M. Reilly
Lorenzo A. H. Villegas
51 W. 52nd Street
New York, NY 10019
Tel: (212) 403-1000
Fax: (212) 403-2000

Email:  JMMoses@wlrk.com
Email:  CMReilly@wlrk.com
Email:  LVillegas@wlrk.com

*Attorneys for Defendants Newmont
Corporation, Thomas R. Palmer,
Natascha Viljoen, Karyn F. Ovelmen, and
Peter Toth*

-9-

## PRACTICE STANDARD III(A)(1) CERTIFICATE

I hereby certify that the foregoing motion complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

/s/ *Paul H. Schwartz*
Paul H. Schwartz

**CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2025, a true and correct copy of the foregoing

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE OR TO CONVERT DEFENDANTS' MOTION TO DISMISS TO A MOTION FOR SUMMARY JUDGMENT AND FOR FULL DISCOVERY** was e-filed with the Court through CM/ECF and served on all counsel of record.

/s/ *Paul H. Schwartz*
Paul H. Schwartz

-10-