**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-00341-DDD-KAS

JAMES KARAS, Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

NEWMONT CORPORATION, THOMAS R. PALMER, NATASCHA VILJOEN, KARYN F. OVELMEN, and PETER TOTH,

Defendants.

---

**REPLY MEMORANDUM IN FURTHER SUPPORT OF PLAINTIFFS'
MOTION TO STRIKE OR TO CONVERT DEFENDANTS'
MOTION TO DISMISS TO A MOTION FOR SUMMARY
JUDGMENT AND FOR FULL DISCOVERY**

---

**I.      ARGUMENT**

**A.      The Court Should Strike Defendants' Appendix**

As Plaintiffs argue in their Memorandum, Dkt. 47, Defendants' Appendix "facilitates" nothing, adding a step to the Court's evaluation and prompting the Court to review it and not the Complaint. Indeed, the Appendix is necessary to decode Defendants' Motion to Dismiss (Dkt. 45) ("Motion"), referring as it does to the Appendix's designations and not to the Complaint's paragraph numbers.

Defendants counter, asserting without explanation that the Appendix "makes it easy for the Court to see and refer to the statements." DMem.2.[1] But so too does the Complaint. Rather than

---

[1] Plaintiffs cite to Defendants' Opposition to Plaintiffs' Motion to Strike, Dkt. 47, as "DMem.__." Plaintiffs cite to the Complaint, Dkt. 39, as "¶__." Defendants suggest that Local Rule 7.1 required Plaintiffs to confer about this motion to strike, DMem.2, n.2, ignoring that Plaintiffs seek to strike Defendants' Motion, in its entirety. As they concede, *see id*., a conference was unnecessary.

1

submitting the Appendix, Defendants could have referred to or quoted from the Complaint, citing it by paragraph number. Instead, Defendants' Motion and Appendix require the Court to find the code that returns it to the Complaint, setting forth each statement in question. Far from easing this Court's burden, it adds to it.

Unable to explain how or why their Appendix renders easier this Court's analysis, Defendants cite *Indiana Pub. Ret. Sys. v. Pluralsight, Inc.*, 45 F.4th 1236, 1249 n.2 (10th Cir. 2022), implying that the Tenth Circuit approves of the practice of defendants' submitting appendices reproducing a Complaint's allegations but creating designations different from a Complaint's numbering. Defendants, however, failed to read the whole footnote. Certainly, the Tenth Circuit referred to the defendants' chart—which the plaintiffs "adopted"—"for convenience."[2] As a matter of law, however, Defendants ignore the footnote's conclusion in which the Tenth Circuit wrote with crystal clarity, "[h]owever, for purposes of our substantive analysis, ***we rely solely on the statements as alleged in the complaint***." *Id*. (emphasis added). Thus, even as the Tenth Circuit indulged the *Pluralsight* defendants' misleading the district court for "convenience," as a matter of law, it promoted that it and, therefore, this Court must "rely solely on the statements alleged in the [C]omplaint."

Defendants' citation to *Fogel* v. *Wal-Mart de México SAB de CV*, 2017 WL 751155, at *18 (S.D.N.Y. Feb. 27, 2017) fares no better, again missing the conclusion. In *Fogel*, the court ruled that the plaintiff's motion to strike was moot because "the Court did not utilize Defendants' appendices in reaching its decision in this case." *Id*. Additionally, in *Fogel*, the defendants'

---

[2] "Convenience" as the Tenth Circuit expressed it, *Pluralsight*, 45 F.4th at 1249 n.2, applies not to whether the district court's referring to the chart *ab initio* was proper or whether the chart rendered its evaluation easier. Rather, the "convenience" was seemingly a matter of consistency, referring to the same designations because the district court did.

memorandum, Dkt. 98, referred first to the complaint's paragraph numbers, enabling the court to avoid relying on the appendix. *See*, *e.g.*, Dkt 98 at 16-17. Just like *Pluralsight*, in rendering its decision, the *Fogel* court relied on the amended complaint and not on an appendix reprinting the false statements. Unlike *Fogel*, Defendants' Motion does not refer to the Complaint's paragraph numbers, forcing the Court to look to the appendix first to discern to what paragraph in the Complaint Defendants are referring. Far from a convenience, Defendants' Appendix adds steps to the analysis the *Pluralsight* and *Fogel* courts require.

Defendants attempt to analogize their inclusion of the Appendix to appellate rules, requiring parties to attach as addenda the text of statutes and rules. DMem.2-3 (citing F.R.A.P. 28(f)); 32(f)). True, but irrelevant. If, for example, a party quotes from a statute in its argument, then no question exists that the text it quotes is included in the word count. More, appending statutory text saves appellate courts from having to download the statute, providing ease of access to critical text. In evaluating a motion to dismiss, the critical text, as the Tenth Circuit stated in *Pluralsight*, is the Complaint. The Court already has it, needing nothing further, especially a document on which it cannot rely.

Defendants also analogize their Appendix to images of text the defendants in *Akhras v. SSR Mining Inc.*, No. 1:24-cv-00739-DDD-TPO (D. Colo.) (Domenico, J) embedded in their motion to dismiss. D.Mem.3. But, in *Akhras*, the plaintiff did not object to the images, so this Court did not address the defendants' excessive word count. Further, the images in the *Akhras* brief cited directly to the complaint in that case and thus did not require the court to look to an extrinsic, made-for-litigation document. Here, Plaintiffs object for, among other reasons, Defendants' abuse of the word limitation. The Court should, therefore, add the Appendix to the word count, forcing

Defendants either to refile their Motion without the Appendix, referring to the Complaint's paragraph numbers, or strike it for exceeding the word count.

Defendants force this, ultimately to refer the Court to the Complaint on which, the Tenth Circuit mandates for purposes of a substantive analysis, this Court must solely rely. Defendants concede, as they must, that "reproducing the statements adds no substance to the MTD," D.Mem.2, even as it obviated their need to reproduce those statements in their motion. Defendants' assertion that the Appendix facilitates fails, begging the question: why submit it, forcing this Court to read the Appendix for a designation to a statement only to return it to the Complaint?

Defendants call "nonsense" Plaintiffs' assertion "that the appendix is a "'tacit attempt to distract the Court from evaluating the Complaint as a whole.'" DMem.3. But Defendants' *ipse dixit* argument, failing to demonstrate that the Appendix facilitates the Court's analysis and ignoring the law requiring the Court to evaluate the Complaint's sufficiency based solely on the Complaint, contradicts that assertion. Indeed, no reason whatsoever exists for Defendants to have submitted the Appendix except to offload word count to a document outside the brief and otherwise to dissociate the Court's analysis from the Complaint. Neither is acceptable and both should cause the Court to strike the Appendix and Defendants' Motion, requiring them to refile the Motion, referring to the Complaint's paragraphs instead.

**B.      Defendants' Inappropriate, Wholesale Submissions Lard the Record and Must Not Impact the Court's Analysis**

Without real analysis, Defendants assert that it is *per se* proper to submit wholesale designations of documents the Complaint references or of which the Court can take judicial notice. D.Mem.4-7. Absent from their opposition, however, is any proper purpose for submitting these documents or submitting voluminous documents while referring only to small portions thereof. Thus, Defendants miss the point. The Supreme Court's mandate is clear but specifically relates to

4

avoiding selective citation to documents "while omitting portions of those very documents that weaken – or doom – their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). The Complaint, however, does not strategically "omit portions" of documents or omit necessary context, and Defendants do not contend otherwise. Defendants assert that *Khoja* is immaterial because Tenth Circuit law is "well developed," D.Mem.5, but the Tenth Circuit *agrees* with *Khoja* that courts may not consider extrinsic documents for their truth and must accept well-pleaded facts as true and draw all reasonable inferences in favor of the plaintiff. *See, e.g.*, *Hartlieb v. Wiser L. Firm, P.C.*, 861 F. App'x 714, 718-19 (10th Cir. 2021) (citation omitted). *Khoja* enunciates a practical application of judicial notice and incorporation by reference that balances those doctrines with a proper purpose so as not to poison the Rule 12(b)(6) analysis.

First, Defendants ignore this Court's Local Rule 56.1(c), discouraging "voluminous exhibits" and mandating parties to "limit exhibits to essential portions of documents." D.C. Colo. L Civ.R. 56.1(c). Defendants contend that their submission of voluminous exhibits is proper because they "cite[d] specific pages of each" Exhibit, but the MTD reveals that the "pages" that Defendants cited are themselves voluminous. *See, e.g.*, Motion at 8 (citing pages 12-47 of Ex. 6); Motion at 12 (citing pages).[3]

Next, Defendants argue that they submitted no exhibit for the truth of the matter but for the fact that Newmont publicly disclosed certain information, D.Mem.6, then arguing vaguely but

---

[3] Defendants argue that the exhibits they foist upon this Court "are less than half the volume of those in *Akhras*" and that this Court cited some of exhibits the *Akhras* defendants submitted. D.Mem.5 (citing *Akhras* Dkt 64 at 7). This accurate description, however, is irrelevant. Nothing of record suggests that the *Akhras* plaintiffs objected to the inclusion of the documents the Court considered. More, this Court's consideration of several, limited risk disclosures ultimately to reject the defendants' arguments that the alleged materially false statements were verifiable and, therefore, not immaterial puffery, *Akhras* Dkt. 64 at 8, was proper. Plaintiffs agree as they noted in their Memorandum. Dkt. 47 at 5-6.

failing to connect each document meaningfully to an argument about context or the Complaint's

omitting relevant information. *Id*. at 6-7. For example, Defendants submitted Exhibits 1-2 and 11

purportedly to "provide a fuller picture surrounding the forecasts." D.Mem.6. Defendants' Motion,

however, connects nothing in Exhibits 1, 2, or 11 to a fuller picture surrounding forecasts nor

discusses what "fuller picture" is necessary for this Court's evaluation of the Complaint's

sufficiency. Accordingly, Exhibits 1, 2, and 11 offer neither missing context nor information that

the Complaint omits that may damage the claims Plaintiffs assert. Defendants' submitting them,

therefore, has no proper purpose.

Additionally, asserting that disclosures they submitted are "legally significant," Defendants

claim that they include Exhibits disclosing risks, for example, about "the Newcrest acquisition, the

Lihir and Brucejack mines and the challenged projections." D.Mem.6 (citing, *e.g.*, Dkt. 45, at 14,

n.10). The Complaint, however, includes that prior to the Class Period, Defendants "flag[ged]"

specifics problems about the Lihir mine's autoclave and planned maintenance in 3Q2024. ¶50. The

Exhibits to which Defendants refer, therefore, disclose purportedly public information that the

Complaint disclosed, defying the purported "legal signific[ance]" of those Exhibits. Thus, when

Defendants issued guidance based on purported improved throughput from Lihir, *e.g.*, ¶110, the

Complaint presupposes investors' awareness of the autoclave issue.[4]

With respect to Lihir, therefore, the Complaint disclosed the very information that,

Defendants assert, required them to attach and refer to the Exhibits. The Complaint pleads that

---

[4] Similarly, contrary to Defendants' assertion, their including as Exhibits the UBS and BNP analyst reports adds no context. D.Mem.7. Indeed, their Motion acknowledges that the Complaint discloses challenges that Lihir and Brucejack experienced, referring directly to the Complaint. Dkt 45 at 13 (citing ¶47). The UBS and BNP reports Defendants submit as Exhibits provide no further context. Their inclusion, therefore, tacitly accuses the Complaint of omitting context that the Complaint included, information that does not undermine the Complaint's allegations of material falsity.

both before and during the Class Period, Defendants assumed control of Lihir, warts and all, promising higher production and lower costs. *See*, *e.g*., ¶¶47-48. By including and arguing from these documents with no explanation, Defendants surreptitiously shift focus from the Complaint that disclosed the pre-existing issues at Lihir, attempting to change the narrative from the Complaint's thrust—that after due diligence and operating Lihir for seven months, Defendants knew or recklessly disregarded that they had ameliorated none of the adverse operating conditions that had plagued Lihir but that they promised were improving and were, therefore, not on track to meet forecasts. *See*, *e.g*., ¶115. Defendants' arguing that the Complaint's false statements were not false because investors already knew of problems at Lihir attempts to shift the narrative when the Complaint plainly disclosed Lihir's pre-existing problems. These Exhibits add neither context nor information the Complaint omitted, and Defendants offer no proper purpose for including them. Defendants' attempt to use extraneous documents to change the narrative comprises the unscrupulous conduct about which *Khoja* warns. It is improper considering the Tenth Circuit's admonition in *Pluralsight*, *see supra*, that the Complaint and its allegations and theories must form the foundation for this Court's evaluation of its sufficiency.

Last, Defendants accuse Plaintiffs of arguing merits in their Motion to Strike. D.Mem.6. They are wrong. Defendants created this issue, submitting voluminous exhibits without bothering to argue why they may properly be considered on a 12(b)(6) motion, forcing Plaintiffs to address Defendants' "unscrupulous use of extrinsic documents" to "present their own version of the facts at the pleading stage." *Khoja*, 889 F.3d at 998-99. Plaintiffs' arguments properly address the standards for consideration of extrinsic documents at this stage. Defendants' wholesale designation must not disadvantage Plaintiffs, especially when Defendants offer virtually no proper purpose for

submitting voluminous documents and where Plaintiffs show that Defendants submitted Exhibits for improper purposes.

For these reasons, the Court should strike all of Defendants' Exhibits and the portions of their Motion referring thereto. In the alternative, if the Court accepts Defendants' Exhibits in their entirety, pursuant to Fed. R. Civ. P. 12(d), the Court should convert Defendants' Motion to one for summary judgment, permitting full discovery.

## II.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court strike Defendants' Appendix, the Exhibits they filed, and their Motion, requiring them to refile the Motion with references to the Complaint's paragraph numbers and to include only pages of exhibits they submit and briefly explaining their proper purpose for including them. In the alternative, pursuant to Fed. R. Civ. P. 12(d), the Court should convert Defendants' Motion to one for summary judgment, permitting full discovery.

Dated: November 26, 2025                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**
/s/ *Jacob A. Goldberg*
Jacob A. Goldberg
Leah Heifetz-Li
101 Greenwood Avenue
Suite 440
Jenkintown, PA 19046
Tel: (215) 600-2817
Fax: (212) 202-3827
Email: jgoldberg@rosenlegal.com
        lheifetz@rosenlegal.com

**POMERANTZ LLP**
Jeremy A. Lieberman
Jonathan D. Park
600 3rd Avenue
New York, NY 10016
Tel: (212) 661-1100
Fax: (917) 463-1044

8

Email: jalieberman@pomlaw.com
          jpark@pomlaw.com

*Co-Lead Counsel for Lead Plaintiffs and the Class*

**LEVI & KORSINSKY, LLP**
Shannon L. Hopkins
Tyler Winterich
1111 Summer Street, Suite 403
Stamford, CT 06905
Tel: (203) 992-4523
Fax: (212) 363-7171
Email:  shopkins@zlk.com
          twinterich@zlk.com

**BRONSTEIN, GEWIRTZ
     & GROSSMAN, LLC**
Peretz Bronstein (admission forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
Email: peretz@bgandg.com

*Additional Counsel for Plaintiffs*

9

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1). I used Microsoft Word to prepare this Document. The Word Count shows 2,238 words.

/s/ *Jacob A. Goldberg*
Jacob A. Goldberg